United States District Court
Southern District of Texas
**ENTERED**
July 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TODD MICHAEL BELANGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-04089 |
| | § | |
| MCDERMOTT INTERNATIONAL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

## I.   INTRODUCTION

Pending before the Court is the defendants', McDermott International, J Ray McDermott Inc., J Ray McDermott SA, and McDermott Inc. (together, the defendants), motion for summary judgment (Dkt. No. 23). The plaintiff, Todd Michael Belanger, has filed a response to the defendants' motion (Dkt. No. 24), and the defendants have not filed a reply.  After reviewing the parties' submissions, the record, and the applicable law, the Court determines that the defendants' motion should be **DENIED**.

## II.   FACTUAL BACKGROUND

This lawsuit arises out of a maritime injury suffered by the plaintiff while employed by the defendants in the United Arab Emirates.  At that time, the plaintiff was working as an electrical and mechanical technician on the M/V Amazon, an underwater pipelaying

vessel operated by the defendants.[1]   The plaintiff's duties involved performing maintenance on the large mechanical cranes that were connected to the vessel.

On March 24, 2018, the plaintiff was injured on the M/V Amazon while attempting to exit a narrow crawl space inside the "crane tub," a section of the vessel that housed one of its large cranes.  He had entered the crane tub in order to obtain an oil sample from the crane's gearbox.  To do so, he had to crawl inside the narrow space underneath the gearbox and lie down supine.  When the plaintiff entered the crane tub to perform the task, a partially-coiled air hose was leaning against the bulkhead,[2] near where the plaintiff's feet were while taking the sample.  The defendants' investigative report concerning the accident showed the air hose lying flat on the floor.  However, according to the deposition testimony of the plaintiff and his superintendent, prior to the accident the hose was not lying flat on the floor or obstructing access to the crawl space.  After obtaining the sample, as the plaintiff stood up, he slipped on a "whip check"[3] that was connected to the air hose and fell backward, injuring his lower back and buttock upon landing.

On December 2, 2020, the plaintiff sued the defendants in this Court under admiralty jurisdiction, asserting claims for maritime negligence under the federal Jones Act[4] and

---

[1] The plaintiff is a resident and citizen of Louisiana.  While the defendants are non-Texas corporations, McDermott International has its headquarters in Houston, Texas.  It is alleged that the other defendants conduct continuous and systematic business activities in Texas.

[2] A "bulkhead" of a ship refers to an upright partition that separates the ship's compartments.  *Bulkhead*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE (1993).

[3] A "whip check" is a safety cable that connects two sections of a hose in order to prevent the sections from flying around in the event they become disconnected.  *Whip check*, Corrosionpedia, https://www.corrosionpedia.com/definition/6124/whip-check (June 19, 2020).

[4] 46 U.S.C. § 30104 *et seq.*

unseaworthiness of the defendants' vessel. The defendants timely filed the present summary judgment motion, and the plaintiff has filed a response.

## III.   CONTENTIONS OF THE PARTIES

The defendants contend that the plaintiff either recognized, or should have recognized, the air hose as a slip-and-fall hazard and was negligent in failing to move the air hose to allow unobstructed access to the crawl space. According to the defendants, the plaintiff's inaction amounts to contributory negligence, which they allege was the sole proximate cause of his accident.  The Court understands the defendants to make the same argument as to the plaintiff's claim of an unseaworthy vessel.

According to the plaintiff, the evidence does not establish that the *position* of the air hose created a slip-and-fall hazard that he should have removed.  Rather, the plaintiff contends, the failure of the defendants' crew to properly coil, secure, and store the air hose caused the hose's whip check to come unwound and, thus, created the slipping hazard that caused his injuries.  The plaintiff maintains that a factual dispute exists as to how, when, and why the whip check came unwound from the hose; therefore, the defendants cannot establish that the plaintiff's sole negligence caused his injuries.  Relatedly, the plaintiff argues that a triable fact issue exists as to the vessel's seaworthiness because there is evidence that the defendants' crew violated standard safety procedures and failed to properly secure the air hose against the bulkhead.

## IV.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (internal citations omitted). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every

essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, (1986)).

V.      **ANALYSIS & DISCUSSION**

The defendants move for summary judgment on the plaintiff's Jones Act negligence claim and his unseaworthiness claim.  The Court addresses these claims in turn.

A.      **The Jones Act Negligence Claim**

Under the Jones Act, the employer's duty of care "retains the usual and familiar definition of ordinary prudence." *Gautreaux v. Scurlock Marine, Inc.* (*Gautreaux II*), 107 F.3d 331, 335 (5th Cir. 1997) (en banc). "A seaman is entitled to recovery under the Jones Act . . . if his employer's negligence is the cause, in whole or in part, of his injury." *Id.*; *Brister v. A. W.I., Inc.*, 946 F.2d 350, 354 (5th Cir.1991) ("If the defendant's negligence played any part, however small, in producing the seaman's injury, it results in liability."). And while a seaman must also act with ordinary prudence under the Jones Act, a seaman's "contributory negligence does not bar recovery[.]"  *Gavagan v. United States*, 955 F.2d 1016, 1019, n.7 (5th Cir. 1992).  Instead, it is "an affirmative defense that diminishes recovery in proportion to the seaman's fault." *Johnson v. Cenac Towing*, Inc., 544 F.3d 296, 302 (5th Cir. 2008).

The defendants claim that the plaintiff's sole negligence caused his injuries, thereby barring his suit.  They note that, pursuant to their internal policies, the plaintiff was required to keep his workspace organized and uncluttered.  Additionally, they cite the plaintiff's deposition testimony that (1) the air hose was located generally near his feet while he was working, (2) in hindsight, it could have been considered a tripping hazard, and (3) he could have moved it out of the way prior to beginning his work.

6 / 9

The Court determines that the plaintiff has created a triable issue of fact concerning whether and how the air hose posed a hazard prior to the accident.  The plaintiff and his superintendent provided deposition testimony that, initially, the hose was neither lying on the floor, nor obstructing access to the crawl space.  The plaintiff's crewmates also testified that they merely estimated the hose's position for purposes of the accident report photos.  Further, there is evidence that the hose was not completely coiled or secured in a manner that would have prevented the whip check from becoming unwound from the hose.

As proof that the plaintiff recognized and ignored the hazard presented by the hose, the defendants note that, prior to beginning work, the plaintiff signed a "HIT" card[5] identifying a slip-and-fall hazard in the "work area."   However, the plaintiff's superintendent testified that the HIT card covered the vessel's entire "main deck level," not merely the crane tub where the accident occurred.  Another crewmate testified that the HIT card actually addressed the condition of a room located beneath the crane tub.  Thus, a reasonable jury could conclude that the plaintiff did not understand the slip-and-fall hazard documented on the HIT card to refer to the position of the air hose in the crane tub.

Based on the foregoing, the defendants have not established that the plaintiff's contributory negligence, alone, caused his injuries as a matter of law.  Their summary judgment motion should, therefore, be denied.

---

[5] The defendants' risk assessment procedures required vessel personnel to complete a Hazard Identification Tool ("HIT") card prior to starting work to identify possible hazards and methods to reduce those hazards.

### B.    The Unseaworthiness Claim

"General maritime law imposes a duty upon shipowners to provide a seaworthy vessel." *Luwisch v. American Marine Corp.*, 956 F.3d 320, 326 (5th Cir. 2020) (internal citations omitted). Conditions that may render a vessel unseaworthy include defective gear, an unsafe work method, an unfit crew, and improper loading or storage of cargo. *Rogers v. Eagle Offshore Drilling Serv.'s, Inc.*, 764 F.2d 300, 303 (5th Cir. 1985). "Liability under the doctrine of unseaworthiness does not rest upon fault or negligence." *Id.* (quoting *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1988)). Instead, "a plaintiff must prove that the unseaworthy condition played a substantial part in bringing about or actually causing [an] injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness." *Id.*  *See also Brister*, 946 F.2d at 355 ("Also in contrast to a Jones Act claim, the standard of causation for unseaworthiness is a more demanding one and requires proof of proximate cause." (internal quotations and citation omitted)).

In seeking summary judgment on the plaintiff's unseaworthiness claim, the defendants reiterate the same arguments recounted above. In response, the plaintiff cites evidence that the vessel's crew violated the defendants' active safety procedures by failing to complete a hazard assessment (*i.e.*, a HIT card) for the crane tub as a separate work area. The HIT card that was completed did not indicate either that the air hose inside the crane tub was improperly stored or that the whip check was unsecured to the air hose. When viewed together, the plaintiff's evidence could lead a reasonable jury to find that an unsafe

work method on the defendants' vessel caused or contributed to the plaintiff's injuries. The Court determines that the plaintiff has established genuine issues for trial concerning his unseaworthiness claim. Consequently, the defendants are not entitled to summary judgment on this claim.

## V.   CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion for summary judgment is **DENIED**.

IT IS SO **ORDERED**.

SIGNED on July 29, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge